## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DK HOLDINGS, LLC** | * | CIVIL NO. |
| | * | |
| **VERSUS** | * | JUDGE |
| | * | |
| **SAFEPORT INSURANCE COMPANY** | * | MAG. |
| | * | |
| | * | JURY REQUESTED |

*************************************************************************

To:  Plaintiff DK Holdings, LLC　　　　　The Honorable Judges of the
　　　*Through counsel of record*　　　　　　United States District Court
　　　W. Parker Logan　　　　　　　　　　　Eastern District of Louisiana
　　　Hair Shunnarah, L.L.C.
　　　3540 S. I-10 Service Rd., W
　　　Suite 300
　　　Metairie, Louisiana 70001

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, SafePort Insurance Company (sometimes "SafePort"), named Defendant in that certain proceeding entitled "*DK Holdings, LLC versus SafePort Insurance Company,*" Suit Number 2023-15108, pending in the 22nd Judicial District Court for the Parish of Saint Tammany, State of Louisiana, hereby removes this proceeding to the United States District Court, Eastern District of Louisiana.

A copy of this Notice of Removal is being served upon counsel of record for the Plaintiff, DK Holdings, LLC ("Plaintiff"), and will promptly be filed with the Clerk of aforesaid State Court, all in conformity with 28 U.S.C.A § 1446(d). Defendant appears for the purpose of removal only and for no other purpose and, reserving all rights and defenses, states as follows:

1.

On August 28, 2023, Plaintiff filed a *Petition for Damages and Breach of Contract* (the "Petition") captioned *"DK Holdings, LLC versus SafePort Insurance Company,"* bearing suit number 2023-15108, in the 22nd Judicial District Court for the Parish of Saint Tammany, State of Louisiana, which Court is within the jurisdictional boundaries of the Eastern District of Louisiana. The Petition alleges damages to Plaintiff's property as a result of Hurricane Ida. A copy of said Petition is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

2.

This Notice of Removal is filed within thirty (30) days of service of Plaintiff's Petition. Defendant received service of the Petition on October 31, 2023 through its agent for service of process, the Louisiana Secretary of State. Removal is therefore timely. *See* 28 U.S.C.A. §1446(b).

## BASIS FOR REMOVAL

3.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a).

## COMPLETE DIVERSITY BETWEEN THE PARTIES

4.

Plaintiff alleges in its Petition that it is a Louisiana limited liability company, domiciled in the Parish of Saint Tammany, State of Louisiana. Exhibit A at ¶ I(1).

5.

Defendant, SafePort, is a foreign insurance company incorporated under the laws of the State of Florida, with a domicile address of 4730 State Road 64 East, Bradenton, Florida 34208. SafePort is a wholly-owned subsidiary of IAT Insurance Group, a privately held insurance holding company headquartered in and domiciled in Raleigh, North Carolina. Thus, for purposes of this Court's diversity jurisdiction, SafePort is a citizen of Florida and North Carolina.

6.

Thus, complete diversity of citizenship exists between Plaintiff, DK Holdings, LLC, a citizen of Louisiana, and Defendant, SafePort Insurance Company, a citizen of Florida and North Carolina.

**AMOUNT IN CONTROVERSY**

7.

Plaintiff's Petition alleges that after the issuance competing estimates by its inspector and SafePort's inspector, SafePort invoked the appraisal provision of the policy. Id. at ¶ 26. Thereafter, and appraisal award of $64,920.89 was issued to Plaintiff. Id. at ¶ 32. Plaintiff alleges damages as high as $364,413.03 to its property. Id. at ¶ 23.

8.

Plaintiff further alleges that it is entitled to penalties, attorney's fees, interest and costs pursuant to Louisiana Revised Statutes 22:1892 and 22:1973, in addition to all general and equitable relief. These alleged penalties, combined with compensatory damages claimed, would, if awarded, far exceed compensatory damages subject to the jurisdictional threshold of this court. Id. at ¶ 22 and ¶ 25.

9.

SafePort does not concede the merits of Plaintiff's Petition, damages alleged therein, or that any damages are owed to Plaintiff.  However, for purposes of this removal, SafePort submits that the jurisdictional amount of this Honorable Court is satisfied on the face of Plaintiff's Petition.

10.

In accordance with the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the controversy is wholly between citizens of different states as set forth above. Pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, this case may be removed to the United States District Court for the Eastern District of Louisiana.

11.

Pursuant to 28 U.S.C. § 1446(a), Defendant files herewith a copy of all processes, pleadings and orders served upon it to date, including the aforementioned Petition for Damages.

## **JURY DEMAND**

SafePort is entitled to and requests a trial by jury on all issues herein.

WHEREFORE, Defendant, SafePort Insurance Company, prays that this, its *Notice of Removal*, be accepted as good and sufficient and that the aforesaid *Petition for Damages and Breach of Contract* be removed from State Court into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said State Court, and thereupon proceed with this civil action as if it had been commenced originally in this Court.

Respectfully submitted:

PLAUCHÉ MASELLI PARKERSON LLP

*/s/ Joshua K. Vanderhooft*
MARK E. YOUNG (#20432)
JOSHUA K. VANDERHOOFT (#34394)
701 Poydras Street, Suite 3800
New Orleans, Louisiana 70139
Telephone: (504)582-1142
Facsimile: (504) 582-1172
Email: myoung@pmpllp.com
Email: jvanderhooft@pmpllp.com
*ATTORNEYS FOR SAFEPORT INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I do hereby certify that this 21st day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, if they are subscribed, will send a notice of electronic filing to all counsel of record. I further certify that I have also served all counsel of record with a copy of the foregoing either by e-mail, facsimile and/or placing same in the United States mail, properly addressed and postage prepaid.

/s/ *Joshua K. Vanderhooft*